**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTON McCULLOUGH, | : | CIVIL ACTION NO. 3:18-1104 |
| Plaintiff | : | (JUDGE MANNION) |
| v | : | |
| Warden KEVIN DePARLOS, et al., | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

On May 29, 2018, Plaintiff, Anton McCullough, an inmate formerly confined[1] in the Lycoming County Prison, Williamsport, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He complains of incidents which occurred while housed at the Lycoming County Prison. Id. The named Defendants are the Lycoming County Prison, Lycoming County Prison Medical Department, Warden Kevin DeParlos, "Nurse Beverly," "Nurse Andrea," and "Nurse Jody." Id.

On August 14, 2018, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule Civil Procedure 12(b)(6), arguing that

---

[1]Plaintiff is currently housed in the State Correctional Institution, Coal Township, Pennsylvania.

Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Docs. 23).

On February 13, 2019, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013)), this Court issued an Order, converting Defendants' motion to dismiss to a motion for summary judgment and allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 28).

On February 25, 2019, Defendants filed a brief in support of their motion for summary judgment, along with a statement of material facts. (Docs. 29, 30). Although the Plaintiff has had more than ample time to file a brief in opposition to Defendants' motion, he has failed to oppose the motion. As such, the Court will grant Defendants' motion as unopposed.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant

2

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v.

Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition.

Fed.R.Civ.P. 56(e).

## III. Statement of Facts

Plaintiff states that "on March 21, 2017, while plaintiff was asleep he fell of the top bunk landing on his head and back" and "sustained a severe injury to his head and back." (Doc. 1). Plaintiff alleges that Defendant, Lycoming County Prison has maintained a practice, custom and policy for years by not having ladders on the top bunks in order to ensure the safety of all prisoners. Id. He believes that "such practice, custom and policy was the proximate cause of the plaintiff's life term injury that he has sustained on March 21, 2017." Id.

In April, 2017, Plaintiff claims that he was "transferred to UPMC Susquehanna Hospital in Williamsport Pennsylvania due to the plaintiff slipping and falling in the shower." Id. Upon the Plaintiff's arrival at the hospital, he was seen and examined by the doctor, who Plaintiff claims "diagnosed the plaintiff with having two (2) dis-located discs in his back and concussion." Id. The doctor told Plaintiff that he "couldn't really do anything for the plaintiff inasmuch as he needed to see a spine doctor who specializes in these type injuries." Id. Plaintiff was transferred back to the Lycoming

County Prison the same date, where he "submitted medical a request slip inquiring when will he see the specialist." Id. Plaintiff also "submitted defendant Deparlos several request slips complaining about the same with seeing a back specialist due to his severe injuries." Id.

Plaintiff states that Defendant Deparlos "responded to the plaintiff's request slips in an unprofessional manner regarding the plaintiff's pleas for medical treatment" and "indicat[ed] that the ladders had been ordered to be put up on all the bunks in the prison and for the plaintiff to stop writing him about his injury and complaining to him." Id.

Additionally, Plaintiff claims that he "submitted numerous request slips to the medical department nurses complaining of having severe migraine headaches and experiencing excruciating pain in his back." Id. Nurses Beverly, Jody and Andrea "all ignored the plaintiff's requests to see the specialist for the two (2) dis-located discs in his back." Id. Plaintiff alleges that "by just directing the Plaintiff to purchase Motrin off the indigent commissary and/or giving him exercise procedures for his back which doesn't help." Id.

On May 29, 2018, Plaintiff filed the instant civil rights action, in which he seeks compensatory and punitive damages from the named Defendants for deliberate indifference, cruel and unusual punishment, negligence, failure to

protect, and for failure to adequately train. (Doc. 1).

Lycoming County Prison has an established grievance policy which is contained within the Inmate Handbook. (Doc. 24-1 at 2, Declaration of Warden Brad Shoemaker). The grievance policy contains a three-step process for the resolution of grievances: 1) the initial grievance; 2) an appeal to the Warden; and, 3) a final appeal to the Prison Board. Id. Plaintiff acknowledged receipt of the Inmate Handbook on March 10, 2017. (Doc. 24-1 at 12).

An August 28, 2018 review of Plaintiff's grievances revealed that Plaintiff submitted two grievances, Grievance No. 4-01 and Grievance No. 4-03, regarding his March, 2017 fall and subsequent medical care. (Doc. 33-1 at 14, 16).

On April 6, 2017, Grievance No. 4-01 was denied as follows:

On 3/25/17 you were seen by Nurse Dietz and moved to a bottom bunk. On 3/27/17 you were seen by a prison physician and medical orders were issued including medications. You are on the list for follow-up with the prison doctor. You have received medical treatment and assessment. Grievance is denied.

(Doc. 24-1 at 14).

On April 12, 2017, Grievance No, 4-03 was denied based on the following:

> On 4-6-17 you received a response to your prior grievance and your raise no new issues in this grievance. On 4-11-17 a ladder was installed in your assigned cell.

(Doc. 24-1 at 16). No other grievance or appeals were filed.

## IV. **Discussion**

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. §1983; Woodford v. Ngo, 548 U.S. 81,92 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in

federal court. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 92. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Lycoming County Prison. The Lycoming County Prison has a comprehensive administrative grievance procedure which provides for an administrative review of institutional grievances. (See Doc. 24-1 at 10). The grievance policy provided in the Inmate Handbook states as follows:

> It is the policy of this institution to treat inmates fairly. If you have a grievance against the institution, or any of its staff, a grievance form will be supplied upon request. If no response to the grievance is provided within the designated referenced time periods, the grievance is rendered denied and an appeal may be filed.
>
> If you are not satisfied with the decision of the Lieutenant/Sergeant/Prison Counselor, you may then submit a written grievance to the grievance officer in a sealed envelope. After administrative review by the Deputy Warden of Security or the Deputy Warden of Inmate Services a written response will be

> forwarded within ten business days. An inmate may appeal the administrative decision to the Warden within ten days who in turn will have ten business days to respond. An inmate has the right to appeal the Warden's decision to the Prison Board via U.S. Mail (Commissioner's, 48 West Third Street, Williamsport, PA 17701). This step may only occur upon the exhaustion of the aforementioned administrative appeal process. The decision of the Prison Board will be considered final.

Id.

The record before this Court establishes that McCullough initiated the administrative remedy process by filing a grievance with the Deputy Warden. However, it is evident from the record that Plaintiff failed to follow the procedural requirements of the Lycoming County Prison grievance policy and appeal the Deputy Warden's denial to the next level of review. Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill v. Gillis, 372 F.3d 218, 222-26 (3d Cir. 2004). Plaintiff's failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In Spruill, supra, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable

prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, the record clearly discloses that McCullough failed to exhaust his administrative remedies with respect to the claims raised herein. Thus, McCullough has sustained a procedural default with respect to these claims.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). McCullough offers no evidence to justify his failure to comply with the exhaustion requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps

settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants.

## V. Conclusion

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative

12

remedies with respect to the claims raised in the instant action.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:    March 26, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1104-01.wpd